IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JAMES JOSEPH OWENS-EL,     *

    Plaintiff,     *

    v.     *     CIVIL NO.: WDQ-11-0523

STEVEN BRUNSON, *et al.*,     *

    Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

James Joseph Owens-El sued Steven Brunson, a case analyst for the U.S. Parole Commission, and others (the "Defendants") for malicious prosecution and other claims. On December 14, 2011, the Court granted the Defendants' motion for summary judgment. ECF No. 16. On February 7, 2012, Owens-El, *pro se*, filed a "Notice of Appeal and Certificate of Propbability" [sic], which was docketed as a notice of appeal, ECF No. 17, and a motion for a certificate of appealability,[1] ECF No. 18. The

---

[1] "Certificate of probability" and "certificate of appealability" have been used to refer to a district court's finding that an order, not otherwise appealable, should be considered on appeal because it involves a controlling legal question on which there is a substantial ground for difference of opinion. *See, e.g., CapitalSource Fin. LLC v. Pittsfield Weaving Co.*, Case No. AW-06-2028, 2007 WL 5417730, at *1 (D. Md. Jan. 22, 2007) (referring to certificate of appealability); *Hawkins v. S. Ry. Co.*, 45 F.R.D. 459, 464 (D.S.C. 1968) (referring to certificate of probability). Certificates of appealability also arise in post-conviction cases, *see, e.g., United States v. Fabian*, 798

notice of appeal and docket sheet have been transmitted to the United States Court of Appeals for the Fourth Circuit. ECF No. 19.

Generally, "an appeal divests a trial court of jurisdiction over those aspects of the case involved in the appeal." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999) (internal citation and quotation marks omitted). But the district court "retains jurisdiction over matters in aid of the appeal," including motions for reconsideration under Fed. R. Civ. P. 60. *Id.* (internal citation and quotation marks omitted). When a Rule 60(b) motion is filed after an appeal has been noted, the district court "may deny the motion," and "any appeal from the denial can be consolidated with the appeal from the underlying order." *Id.* "If the district court is inclined to grant the motion, it should issue a short memorandum so stating." *Id.* at 891.

If Owens-El intended to file his motion in the district court, the Court will construe it as a motion for reconsideration of the December 14, 2011 summary judgment order.[2]

---

F. Supp. 2d 647, 687 (D. Md. 2011), but Owens-El brought a civil action, not a post-conviction petition.

[2] In his motion, Owens-El argues that (1) "the Court deviated from a clearly established rule of law," (2) defense counsel "failed to notify" the Court of this law and "thus conspired with the Court to deny [him] procedural and substantive Due Process," and (3) his attorney, "in his ignorance of controling

Owens-El does not need a certificate of appealability to appeal the summary judgment, which "is a final order over which [the Fourth Circuit] has jurisdiction." *Gillins v. Berkeley Elec. Co-op., Inc.* 148 F.3d 413, 415 (4th Cir. 1998).

When a party submits a motion after judgment without specifying the civil procedure rule that authorizes it, it is typically construed as a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order. *In re Burnley*, 988 F.2d 1, 2 (4th Cir. 1992). A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Owens-El filed his motion 55 days after entry of the summary judgment. Thus, the Court will construe it as a Rule 60(b) motion.

Rule 60(b) permits the Court to amend a final judgment, order, or proceeding because of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, or discharge of a judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

---

[sic] clearly established case law . . . conspired, combinated and confederated with" the Court and defense counsel to deny him due process and equal protection of the laws. ECF No. 18 at 1-3 (emphasis omitted).

Owens-El is not entitled to relief under Rule 60(b). The Court has previously considered his arguments and his authorities.[3] "When the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized." *Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001). The other cases that Owens-El cites are not controlling and/or not on point.[4] Moreover, he has proferred no evidence to support his bald assertion of conspiracy between the Court and counsel.

Accordingly, Owens-El's motion for reconsideration will be denied.

2/15/12
Date

William D. Quarles, Jr.
United States District Judge

---

[3] *See, e.g.*, the Court's memorandum opinion, ECF No. 15 at 13-14 (discussing *Washington v. Harper*, 494 U.S. 210 (1990) and *Sell v. United States*, 529 U.S. 166 (2003)).

[4] *See, e.g.*, ECF No. 18 at 6 (*citing Doby v. Hickerson*, 120 F.3d 111 (8th Cir. 1997)). In opposing the Defendants' motion for summary judgment, Owens-El argued that the Defendants "ignored established law in making an independent decision to add special mental healthcare conditions to [his] parole and [were] not entitled to qualified immunity." ECF No. 11 at 10. *Doby* addressed the forced medication of a prisoner, about which there is clearly established law. The case did not address whether the procedural safeguards required for forcibly medicating prisoners applied also to parolees.